**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYORA DEWI;  RAHKMAT ARITIN, | No. 10-71295 |
| Petitioners, | Agency Nos. A099-432-630 |
| | A099-432-631 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Syora Dewi and Rahkmat Aritin, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's decision denying their application for asylum.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Petitioners do not challenge the BIA's finding that the harm they faced at the hands of Dewi's family did not rise to the level of persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and supported by argument are deemed abandoned). With respect to their future fear, substantial evidence supports the BIA's finding that petitioners failed to provide sufficient evidence to establish a well-founded fear of persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative), and they failed to demonstrate that internal relocation would not be a reasonable option, *see Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011). We lack jurisdiction to consider petitioners' new claims regarding a disfavored group analysis and a pattern or practice of persecution. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (the court lacks jurisdiction to review contentions not raised before the BIA). Petitioners did not raise these contentions to the BIA; they argued only that they feared harm from powerful family members. Thus, petitioners' asylum claim fails.

Petitioners' request for oral argument is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**